## 62621. NORTHCUTT v. MILLS.

BANKE, Judge.
Susan Northcutt, defendant below, appeals from a grant of a summary judgment to the plaintiff, Zoe Mills. The plaintiff brought the action to recover a watch and ring in the possession of defendant, or, in the alternative, to recover the value of the items. In her answer and in response to discovery, the defendant maintained that the items were gifts to her from the plaintiff's husband.

In an affidavit in support of her motion for summary judgment, the plaintiff stated that the ring and watch were given to her by her then terminally ill mother-in-law "as a life estate, with the remainder in fee simple to . . . [her] . . . daughter." She also stated that during a period when her husband was contemplating a divorce from her, he gave the jewelry to the defendant without her permission. The husband's affidavit verifies that given by the plaintiff. *Held:*

1. Defendant's pleadings and her answers to interrogatories fail to meet the issue raised by the plaintiff's affidavits. The defendant's claim to the property is that it was given to her by the plain-

tiff's husband. The plaintiff's evidence establishes that she, not her husband, owned the property and that he lacked authority to make a gift of it. "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Code Ann. § 81A-156; *Shaw v. First Nat. Bank,* 143 Ga. App. 416 (238 SE2d 719) (1977). The trial court properly granted summary judgment to the plaintiff.

2. The defendant also argues that reversal is required because the trial court failed to consider the answers to interrogatories discussed in Division 1 above in making its judgment. The record provides no support for the argument. In any event, the answers to interrogatories, as noted in Division 1, fail to respond to the critical issue. This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 30, 1981.

*Reid W. Kennedy,* for appellant.
*Hirsch Friedman, Marc Shopsin,* for appellee.